IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TENACE D. KNIGHT,

    Petition,

v.

ROBERT H. TRIMBLE, Acting Warden,

    Respondent.
_____/

No. C 10-00276 SBA (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION AS UNTIMELY; AND DENYING CERTIFICATE OF APPEALABILITY**

(Docket no. 10)

## INTRODUCTION

Petitioner, a state prisoner currently incarcerated at Pleasant Valley State Prison (PVSP), filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In an Order dated June 21, 2010, the Court directed Respondent to show cause why the petition should not be granted.

The parties are presently before the Court on Respondent's motion to dismiss the petition as untimely under 28 U.S.C. § 2244(d) -- the statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Petitioner filed an opposition on December 15, 2010, and Respondent filed a reply to the opposition on January 24, 2011. On March 3, 2011, Petitioner filed an "amendment" to his opposition.

Having read and considered the papers submitted, the Court GRANTS Respondent's motion to dismiss.

## BACKGROUND

In October 2006, Petitioner was convicted by a Santa Clara County jury of four counts of second degree robbery and one count each of attempted second degree robbery, reckless driving while fleeing a peace officer, assault with a firearm, vehicle theft, and possession of a firearm by a felon. Petitioner was sentenced to forty-four years and four months in state prison.

On July 9, 2008, the appellate court affirmed the judgment of the trial court. On August 12, 2008, Petitioner filed a petition for review. On September 17, 2008, the Supreme Court of California denied review. Petitioner did not pursue collateral relief in the state courts.

1  Petitioner's federal petition was received in this Court on January 20, 2010.  Petitioner filed
2  an amended petition on March 1, 2010.

### DISCUSSION

**I.    Mailbox Rule**

The Court recognizes that Petitioner could be entitled to the benefits of the "mailbox rule," whereby a pro se federal or state habeas petition is deemed filed on the date it is delivered to prison authorities for mailing.  See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2000), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002) (holding that a federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than the date it is received by the courts).  However, to benefit from the mailbox rule, a prisoner must meet two requirements: (1) he must be proceeding without assistance of counsel, and (2) he must deliver his filing to prison authorities for forwarding to the court.  Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003).  As Petitioner is presently appearing pro se in this habeas action, he meets the first requirement.  It follows then that Petitioner would have had to deliver the instant petition to prison authorities for forwarding to this Court.  However, at issue in this case is **on which date** Petitioner did so.  The Court will analyze this issue below in order to determine which date to deem as the filing date of the petition.

In his "amendment" to his opposition, Petitioner argues that the filing date should be "October of 2009"[1] because that is "the date the petition was actually filed . . . per court stamp." (Am. to Opp'n at 2.)  The Court finds Petitioner's argument unavailing.  Upon close examination of the petition, there are actually two "court stamps" or, more specifically, filing date stamps on the petition -- one faded black stamp stating it was "FILED" on "OCT 09 2009"[2] and another violet

---

[1] The signature date on page four of the petition is listed as "9/21/09;" however, September 21, 2009 could not have been the date Petitioner delivered it to prison authorities for mailing because, as mentioned above, it was received by the Court four months later -- on January 20, 2010. Moreover, Petitioner does not argue that September 21, 2009 should be the filing date.  Instead, he only argues that the filing date should be "October of 2009."  Therefore, September 21, 2009 will not be considered as the filing date of his federal petition.

[2] The exact date in October 2009 is difficult to decipher from the faded black stamp because, as further explained below, it seems to be a xerox copy; however, for the purposes of this Order, the Court will refer to the date as "OCT **09** 2009."

2

1  stamp stating it was "FILED" on "2010 JAN 20." (Pet. at 1.) The violet stamp clearly shows that
2  the petition was filed on January 20, 2011 by "Richard W. Wieking. Clerk, U.S. District Court,
3  Northern District of California." (Id.) The Court's electronic docket sheet confirms that the petition
4  was received on January 20, 2010; therefore, it is clear that January 20, 2010 is the date it was
5  received and stamped as "FILED" in this Court. Contrary to Petitioner's allegations, his petition was
6  **not** filed in federal court on October 9, 2009 because the words "Superior Court of CA County of
7  Santa Clara" that appear below the faded black stamp stating it was "FILED" on "OCT 09 2009"
8  suggests that Petitioner initially may have mistakenly filed his federal petition in state court rather
9  than federal court. However, whether or not Petitioner originally had the intention to file it in
10 federal court -- but mistakenly filed it in state court -- is not relevant because he, in fact, did not file
11 it in federal court on October 9, 2009. Therefore, the Court will not consider October 9, 2009 as the
12 filing date of his federal petition.

13        The presence of the faded black stamp made by the "Superior Court of CA County of Santa
14 Clara" on the front page of the petition suggests that a xerox copy of the petition, which was initially
15 filed in state court, was then mailed to federal court. The record includes the actual envelope that
16 Petitioner used to mail the petition to federal court, and that envelope displays three distinct dates.
17 First, there is a handwritten date of "01/13/10" on the back of the envelope with a signature or
18 handwritten notation, stating "C. Dukes." (Envelope for Pet. at 2.) Second, a "UNITED STATES
19 POSTAGE" stamp confirms that the petition was postmarked and "MAILED FROM ZIP CODE
20 93210" -- Petitioner's zip code -- on "JAN 14 2010." (Id. at 1.) Third, a transit stamp from
21 "BAKERSFIELD, CA" shows a date of "JAN 15 2010." (Id.) The Court will liberally construe the
22 earliest date indicated on the envelope -- January 13, 2010 -- as the date the petition was delivered to
23 prison authorities and, presumably, "C. Dukes" was the prison official who accepted the petition.
24 Aside from the "October of 2009" date above -- which the Court has rejected -- Petitioner offers no
25 evidence suggesting the petition was delivered to prison authorities for forwarding to the federal
26 court at an earlier date. Accordingly, because the record suggests that January 13, 2010 was the
27 earliest date that the petition could have been delivered to prison authorities for forwarding to
28 federal court, the Court deems January 13, 2010 as the filing date of the petition.

## II.  Analysis of Respondent's Motion to Dismiss

The AEDPA, effective as of April 24, 1996, imposes a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Prisoners challenging non-capital state convictions or sentences must file a petition within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented Petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1).

A state prisoner with a conviction finalized after April 24, 1996, such as Petitioner, ordinarily must file his federal habeas petition within one year of the date his process of direct review came to an end. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds, Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). The one-year period may start running from the expiration of the time for seeking direct review. See 28 U.S.C. § 2244(d)(1)(A).

As a threshold matter, once a petitioner is notified that his petition is subject to dismissal based on the AEDPA's statute of limitations and the record indicates that the petition falls outside the one-year time period, the petitioner bears the burden of demonstrating that the limitation period was sufficiently tolled under statutory and/or equitable principles. See Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002) overruled on other grounds by Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Here, Petitioner did not seek a writ of certiorari from the United States Supreme Court after the state supreme court denied review on September 17, 2008. Thus, his process of direct review came to an end ninety days later, on December 16, 2008, when the time allotted for filing a petition for a writ of certiorari expired. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). As such, Petitioner was required to file his federal habeas petition no later than December 16, 2009. See 28 U.S.C. § 2244(d); Patterson v. Stewart,

251 F.3d 1243, 1246 (9th Cir. 2001) (calculating AEDPA's one-year limitation period according to Federal Rule of Civil Procedure 6(a)). Therefore, his federal petition deemed filed on January 13, 2010 -- almost a month after the limitations period had expired -- is untimely unless Petitioner is entitled to tolling of the limitation period.[3]

Petitioner argues that he is entitled to equitable tolling under 28 U.S.C. § 2244(d) due to extraordinary circumstances beyond his control, including his ignorance of the law and lack of access to PVSP's law library.

The Supreme Court has determined that AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling will not be available in most cases because extensions of time should be granted only if "'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." Beeler, 128 F.3d at 1288. The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). Another statement of the standard is that a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," preventing timely filing. Pace, 544 U.S. at 418.

The Ninth Circuit has said that the petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). Indeed, "'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" Id. at 1066 (quoting United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir.), cert. denied, 531 U.S. 878 (2000)).

However, "[r]ather than let procedural uncertainties unreasonably snuff out a constitutional claim, the issue of when grave difficulty merges literally into 'impossibility' should be resolved in [a

---

[3] Petitioner is not entitled to statutory tolling of the limitations period because he did not seek collateral review in the state courts.

5

1  petitioner's] favor." Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). When a prisoner is
2  proceeding pro se, his allegations regarding diligence in filing a federal petition on time must be
3  construed liberally. Roy v. Lampert, 465 F.3d 964, 970 (9th Cir. 2006).

4  Where a prisoner fails to show "any causal connection" between the grounds upon which he
5  asserts a right to equitable tolling and his inability to file a timely federal habeas petition, the
6  equitable tolling claim will be denied. Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005),
7  amended, 447 F.3d 1165 (9th Cir. 2006).

8  In support of his argument for equitable tolling, Petitioner first asserts he is "a layman at law
9  and a pauper that has been forced to proceed for years in this litigation on his own without any legal
10 knowledge or training to aid him in presenting his claim[s]." (Opp'n at 1,3.) However, ignorance of
11 the law and lack of legal sophistication do not alone constitute extraordinary circumstances
12 warranting equitable tolling. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (cataloguing
13 cases from other circuits and holding that "a pro se petitioner's lack of legal sophistication is not, by
14 itself, an extraordinary circumstance"); see also Hughes v. Idaho State Bd. of Corr., 800 F.2d 905,
15 909 (9th Cir. 1986) (illiteracy of pro se petitioner insufficient cause to avoid procedural bar);
16 Cantu-Tzin v. Johnson, 162 F.3d 295, 299-300 (5th Cir. 1998) (pro se status during state habeas
17 proceedings did not justify equitable tolling); United States v. Flores, 981 F.2d 231, 236 (5th Cir.
18 1993) (pro se status, illiteracy, deafness and lack of legal training does not justify equitable tolling).
19 Therefore, Petitioner is not entitled to equitable tolling based solely on his ignorance of the law.

20 Petitioner also argues he diligently sought access to PVSP's law library, but was denied
21 access "due to situations at no fault of his own and outside his control." (Opp'n at 2.) Petitioner
22 alleges the following reasons cumulatively prevented him from accessing the law library in 2009:
23 (1) PVSP has a policy of only permitting lockdown inmates access to the law library first showing a
24 court deadline of thirty days or less; (2) he was on lockdown status for approximately 322 days
25 during 2009; (3) his assignments to various work/training programs conflicted with PVSP's law
26 library operation hours; and (4) state fiscal constraints relating to modified program/staffing
27 schedules failed to afford inmates proper access to the law library. (Id. at 2-3.) Petitioner argues
28 that absent these extraordinary circumstances he would have filed a timely federal habeas petition.

6

1    A claim of limited access to the law library does not automatically entitle a petitioner to
2 equitable tolling, particularly where he cannot show that he needed access to the law library to
3 prepare and file his habeas petition on time. Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001)
4 (lack of access to library materials does not automatically qualify as grounds for equitable tolling;
5 rather, inquiry must be "fact-specific").

6    Here, Petitioner has submitted four documents in support of his claim for equitable tolling
7 based on his lack of law library access. Petitioner's "Exhibit A" is a PVSP staff memorandum
8 reflecting a second level appeal response to another inmate's request for law library access.[4] The
9 staff memorandum indicates that Petitioner's work/program hours -- Monday through Friday from
10 8:30 a.m. to 4:00 p.m. weekly -- conflict with the hours in which the PVSP law library is open --
11 Wednesdays, Thursdays, and Fridays from 9:00 a.m. to 3:30 p.m. weekly. Petitioner's "Exhibits B
12 and C" are inmate/parolee appeal forms indicating that a PVSP inmate in lockdown is granted law
13 library access only if he can verify a pending court deadline of thirty days or fewer.[5] Petitioner's
14 "Exhibit D" is a memorandum showing newly imposed modifications to schedules for various PVSP
15 programs.[6] As explained below, these aforementioned exhibits do not support Petitioner's
16 allegations that he is entitled to equitable tolling based on his alleged lack of law library access
17 while he was on lockdown throughout 2009.

18    While Petitioner alleges that his lack of law library access during his placement in lockdown
19 status in 2009 contributed to his untimely filing, he fails to show that he needed such access to
20 prepare his petition on time. While Petitioner's original petition contained handwritten claims, the
21 record shows that he filed an amended petition -- which includes exactly the same claims as his
22 handwritten original petition -- to replace the original petition; thus, the amended petition is the
23 operative petition in this action. The amended petition contains the following: the first page of the

---

[4] Petitioner's Exhibit A is a second level appeal response to another inmate's request for law library access. The document belongs to inmate number T-10361, John Gholar. Petitioner's inmate number is T-75937.

[5] Petitioner's Exhibits B and C are also authored by inmate John Gholar.

[6] The purpose of the program and staffing modifications is to achieve a three percent salary savings in response to the state's financial constraints.

7

Court's habeas corpus form as a cover page with the title, "Amended Complaint [sic] See Attached Exhibits;" the first page of his original petition; a xerox copy of his twenty-six page petition for review filed in the Supreme Court of California as "Exhibit 1;" and the appellate court's twenty-page unpublished opinion as "Exhibit 2."[7]  Therefore, it is evident that Petitioner merely intended to submit the same claims in his federal petition as he did in his petition for review.  Because Petitioner xerox copied the claims from his previously-filed petition for review, he fails to show why he needed any more access to the law library in order to prepare and file his federal petition on time -- other than the time it takes to xerox copy his twenty-six page petition for review.  Petitioner does not complain that he did not have access to a copy of his petition for review during the one-year time frame that he had to prepare his federal petition.  In fact, as mentioned above, his original handwritten petition included the exact same claims as in his petition for review.  Petitioner -- equipped with the three claims he needed to include in his federal petition -- had several opportunities to file a timely petition, including: (1) the fifteen days following the commencement of the statute of limitations on December 16, 2008 -- prior to Petitioner being on lockdown status;[8] (2) the forty-three days in 2009 in which Petitioner was not on lockdown status;[9] or (3) the thirty days prior to the Court's deadline that is allotted to him as an inmate on lockdown status.  Given these opportunities to file a timely habeas petition, Petitioner fails to sufficiently show that any extraordinary circumstances existed to prevent his timely filing other than his own lack of due diligence.  Therefore, Petitioner has not shown that the alleged lack of access to the PVSP law library was "the cause of his untimeliness."  Spitsyn, 345 F.3d at 799.

Petitioner could also argue that he needed more access -- than the opportunities outlined above -- to draft his federal petition; however, he does not provide any proof that he requested such

---

[7] Petitioner attaches a blank page as "Exhibit 3;" therefore, the Court will not consider it without being able to identify what he meant to attach.

[8] Petitioner does not allege that he was placed on lockdown status during the fifteen days following December 16, 2008.

[9] Petitioner claims he was on lockdown status for 322 days in 2009.  He does not indicate when exactly the alleged 322-day lockdown period occurred in 2009.  365 days minus 322 days equates to the forty-three days that he was not on lockdown status.  This forty-three day time frame could have taken place during the period before the expiration of the limitation period on December 16, 2009.

access from prison authorities and was rejected.[10] Further, Petitioner does not explain why the opportunities outlined above were insufficient, or whether he was prevented from adjusting his work schedule to permit him to use the library during the times it was open. The Court finds unavailing and conclusory Petitioner's argument that he needed more law library access. The constitution does not guarantee a prisoner unlimited access to a law library. Lindquist v. Idaho Board of Corrections, 776 F.2d 851, 858 (9th Cir. 1985). The "mere inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment." Akins v. United States, 204 F.3d 1086, 1090 (11th Cir. 2000). Petitioner is not entitled to equitable tolling based on a claim of his need for more access to PVSP's law library. As noted earlier, the alleged lack of access to the PVSP law library did not make it impossible for Petitioner to file a federal petition in a timely fashion as suggested by the fact that he amended his petition by simply attaching a copy of his petition for review. Therefore, again, the Court finds that it was Petitioner's lack of due diligence -- as opposed to his limited access to the law library -- that was the cause of his untimeliness.

In sum, the Court finds Petitioner's pro se status and his lack of access/limited access to the prison law library did not make it impossible for him to file a federal petitioner on time, Beeler, 128 F.3d 1288; nor were they the cause of his untimeliness, Spitsyn, 345 F.3d at 799. Furthermore, Petitioner has not shown a causal connection between any one or more of the reasons he advances as a ground for equitable tolling and his failure to file a federal petition on time. Therefore, Petitioner fails to show the existence of any extraordinary circumstance beyond his control and is not entitled to equitable tolling.

### III. Certificate of Appealability

The federal rules governing habeas cases brought by state prisoners have been amended to require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability (COA) in its ruling. See Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009).

---

[10] As mentioned above, Petitioner's supporting exhibits are not his 602 appeal forms requesting for law library access, but instead they were filed by inmate Gholar. Petitioner claims in his opposition that he "sought on many occasions to spend time in the law library but wsa [sic] denie[d] access;" however, his claim is conclusory and he fails to attach any exhibits to support it.

9

For the reasons stated above, Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED.

**CONCLUSION**

In light of the foregoing, Respondent's motion to dismiss the petition as untimely (docket no. 10) is GRANTED. This action is DISMISSED WITH PREJUDICE. Furthermore, a COA is DENIED.

Robert H. Trimble, the current acting warden of PVSP, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

The Clerk of the Court shall terminate all pending motions, enter judgment, and close the file. This Order terminates Docket no. 10.

IT IS SO ORDERED.

DATED: 9/16/11

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

TENACE D. KNIGHT,

        Plaintiff,

v.

CA DEPT OF CORRECTIONS et al,

        Defendant.

Case Number: CV10-00276 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 20, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Tenace Demond Knight T-75937
Pleasant Valley State Prison
P.O. Box 8502
Coalinga, CA 93210

Dated: September 20, 2011

                                  Richard W. Wieking, Clerk
                                  By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\HC.10\Knight0276.MTDgrant.wpd         11