UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TENACE D. KNIGHT,<br><br>    Petitioner,<br><br>vs.<br><br>ROBERT A. TRIMBLE,<br>Acting Warden,<br><br>    Respondent. | Case No: C 10-00276 SBA (pr)<br><br>Ninth Cir. Case No. 11-17350<br><br>**ORDER RE INDICATIVE RULING ON PETITIONER'S MOTION FOR RELIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b)(6)**<br><br>Dkt. 27 |

    This is a habeas action under 28 U.S.C. § 1441 in which Petitioner seeks to challenge his state court conviction for attempted second degree robbery and numerous other criminal charges. The Court previously granted Respondent's motion to dismiss on the grounds that the petition was not timely filed within the one-year limitations period prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Petitioner has appealed that ruling.

    This matter is before the Court on Petitioner's request for an "indicative ruling" on his Motion for Relief from Judgment of Dismissal Pursuant to Fed. R. Civ. P. 60(b)(6). Dkt. 27. In particular, he seeks a ruling from the Court as to whether it would consider his Rule 60(b) motion for reconsideration upon remand from the Ninth Circuit Court of Appeals. Having read and considered the papers submitted in the matter, the Court hereby GRANTS Petitioner's request and finds that Petitioner's Rule 60(b) motion raises a substantial issue that warrants a remand from the Ninth Circuit to vest the Court with jurisdiction to consider the motion on the merits.

## I. BACKGROUND

### A. FACTUAL AND PROCEDURAL SUMMARY

In 2006, a Santa Clara County Superior Court jury convicted Petitioner Tenace Knight of four counts of second degree robbery, one count of attempted second degree robbery, and one count each of reckless driving while fleeing a peace officer, vehicle theft, assault with a firearm and possession of a firearm by a felon. The jury also found true allegations that defendant had personally used a handgun to commit the robberies and the attempted robbery. The trial court sentenced defendant to forty-four years and four months in prison. The Court of Appeal affirmed the judgment and the California Supreme Court later denied Petitioner's request for review on September 17, 2008.

Petitioner had until December 16, 2009, to file his federal habeas petition, but did not do so until January 20, 2010.[1] In response to the petition, Respondent filed a motion to dismiss on the ground that the petition was not timely filed under AEPDA. Petitioner opposed the motion, claiming, among other things, that the filing date of his petition should be October 9, 2009. Upon review of the documents presented, the Court determined that October 9, 2009 was the date Petitioner filed his petition in *state* court. Since Petitioner did not file his federal petition until after the December 16, 2009 deadline, the Court granted Respondent's motion to dismiss the petition as untimely. Dkt. 19. The Court entered judgment on the same day. Dkt. 20.

### B. POST-JUDGMENT PROCEEDINGS

Petitioner filed a pro se Notice of Appeal on October 3, 2011. On November 9, 2012, the Ninth Circuit, at Petitioner's request, appointed counsel, inter alia, for the purpose of preparing a more complete record that may support Petitioner's request for a certificate of appealability. Dkt. 25.

On March 13, 2013, Petitioner's appointed counsel filed a motion in this Court for relief from the Court's judgment of dismissal, pursuant to Federal Rule of Civil Procedure

---

[1] Under the mailbox rule, the filing date of his petition was January 13, 2010, the date he delivered his petition to prison officials for mailing to the Court.

60(b)(6). Dkt. 27. Because the action is on appeal, the Court lacks jurisdiction to consider the motion on the merits absent a remand from the Ninth Circuit. As such, Petitioner requests an indicative ruling from the Court as to whether it would grant the motion or find that the motion presents a substantial issue; if so, Petitioner requests that "the district court move in the Ninth Circuit to remand the case." Petr's Mot. at 6.[2] Respondent disputes that Petitioner has raised a substantial issue and argues that the motion should be denied. Dkt. 28. However, in the event the Court finds a substantial issue and the Ninth Circuit revests the Court with jurisdiction, Respondent requests leave to respond to the motion on the merits.

## II. DISCUSSION

### A. PROCEDURAL REQUIREMENTS

It is well settled that the "filing of a notice of appeal divests the district court of jurisdiction." Gould v. Mutual Life Ins. Co., 790 F.2d 769, 772 (9th Cir. 1986). When a Rule 60(b) motion is filed in district court after a notice of appeal has been filed, the district court lacks jurisdiction to entertain the motion. Katzir Floor & Home Designs, Inc. v. M–MLS.com, 394 F.3d 1143, 1148 (9th Cir. 2004). "To seek Rule 60(b) relief during the pendency of an appeal, the proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move [the Ninth Circuit], if appropriate, for remand of the case." Williams v. Woodford, 384 F.3d 567, 586 (9th Cir. 2004). This procedure is set forth in Federal Rule of Civil Procedure 62.1, which provides:

> **(a) Relief Pending Appeal**. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or

---

[2] As will be set forth below, the burden is on the Petitioner, not the Court, to submit a request to the Ninth Circuit to remand the action in the event the Court expresses a willingness to grant or consider the motion on the merits.

>    (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.
>
>    **(b) Notice to the Court of Appeals.** The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue.
>
>    **(c) Remand**. The district court may decide the motion if the court of appeals remands for that purpose.

(Emphasis added); Fed. R. App. P. 12.1 (procedure for remand after an indicative ruling by the district court). Where an appellant fails to follow this procedure, a district court has no jurisdiction to consider the merits of a Rule 60(b) motion. See Katzir Floor, 394 F.3d at 1148 (vacating district court's order denying a post-notice of appeal Rule 60(b) motion where proper procedure not followed).

If the district court issues an indicative ruling—either that it would grant the motion or that there is a substantial issue—the appellate court then decides whether to remand the case for a ruling by the district court. Russell Road Food and Beverage, LLC v. Galam, No. 2:13-CV-776 JCM (NJK), 2013 WL 2949615, at *2 (D. Nev. June 13, 2013). A statement that the motion raises a substantial issue does not bind the district court to a particular ruling on the motion after remand. Id.

**B.  SUBSTANTIAL ISSUE**

Under Rule 60(b), a party may seek relief from judgment and to re-open his case in limited circumstances, "including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). Rule 60(b) provides:

>    **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>    (1) mistake, inadvertence, surprise, or excusable neglect;
>
>    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

        (4) the judgment is void;

        (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

        (6) <u>any other reason that justifies relief</u>.

Fed. R. Civ. P. 60(b) (emphasis added).  The decision of whether or not to grant relief under Rule 60(b) is matter of the district court's discretion.  See <u>Fantasyland Video, Inc. v. County of San Diego</u>, 505 F.3d 996, 1001 (9th Cir. 2007).  Rule 60(b)(6), in particular, allows courts the discretion "to vacate judgments whenever such action is appropriate to accomplish justice."  <u>Phelps v. Alameida</u>, 569 F.3d 1120, 1135 (9th Cir. 2009); <u>Harvest v. Castro</u>, 531 F.3d 737, 749 (9th Cir. 2008) ("[Rule 60(b)(6)] is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.") (internal quotations omitted).

      Here, Petitioner contends that the reason he filed his petition in state court was because a correctional officer in the prison law library had advised him to file his habeas petition with the court where he was convicted.  Knight Decl. ¶ 11, Dkt. 27-1.  Relying on that erroneous advice, Petitioner initially filed his petition in the Santa Clara County Superior Court.  <u>Id.</u>  Petitioner did not realize his error until the petition was returned to him by the state court.  <u>Id.</u> ¶ 13.  There is support in this Circuit for the proposition that the failure to timely file a habeas petition due to the petitioner's reliance on erroneous advice from a prison official may give rise to a claim for equitable tolling.  See <u>United States v. Buckles</u>, 647 F.3d 883, 891 (9th Cir. 2011) (erroneous advice provided to prisoner's sister by the court's Clerk's office staff regarding the calculation of the deadline for filing motion to vacate, set aside or correct sentence could support claim for equitable tolling if the prisoner detrimentally relied on that advice); <u>Ford v. Pliler</u>, 590 F.3d 782, 793 (9th Cir. 2009) (equitable tolling may be applicable where habeas petitioner was misled by the court's erroneous instructions); <u>c.f.</u> <u>Socop-Gonzalez v. INS</u>, 272 F.3d 1176, 1184 (9th Cir.

2001) (deadline to file petitioner's motion to reopen deportation proceedings equitably tolled after he was affirmatively misled by an Immigration and Naturalization Service agent's incorrect advice).

Respondent does not dispute that erroneous advice may be sufficient to equitably toll AEDPA's statute of limitations.  Opp'n at 5-6.  Nonetheless, he argues that Petitioner's evidence is not "newly-discovered"—and even it if were—the presentation of such claim is time-barred because it was not filed within one year of the judgment.  See Fed. R. Civ. P. 60(c)(1).  Respondent is correct that motions based on newly-discovered evidence are governed by Rule 60(b)(2), and that such motions must be brought within one year of the judgment.  Fed. R. Civ. P. 60(c)(1).  However, Petitioner expressly relies on Rule 60(b)(6), which applies to motions based on "any other reason that justifies relief."  A motion predicated on Rule 60(b)(6) is not subject to a one-year limitations period, and need only "be made within a reasonable time[.]"  Id.  In this case, Petitioner's counsel was appointed by the Ninth Circuit more than a year after the entry of judgment.  Upon her appointment, counsel immediately began investigating potential grounds for a Rule 60(b) motion and filed the motion soon thereafter.  Moore Decl. ¶ 5, Dkt. 27-2.  The circumstances presented militate in favor of finding that Petitioner filed his motion within a reasonable time, as required by Rule 60(c)(1).

### III.   CONCLUSION

The Court finds that Petitioner's motion raises a substantial issue, and merits a substantive opposition by Respondent.  Upon remand from the Ninth Circuit, the Court will consider the substantive merits of Petitioner's motion for relief.  Accordingly,

IT IS HEREBY ORDERED THAT:

1.   Petitioner's request for an indicative ruling is GRANTED, as set forth above.

2.   Within five (5) days of the date this Order is filed, Petitioner's counsel shall, in accordance with Federal Rule of Appellate Procedure 12.1(a), notify the Ninth Circuit Court of Appeals that this Court has found that his motion raises a substantial issue.  Upon remand, the Court will set a briefing schedule on the motion.

3. This Order terminates Docket 27.

4. The Clerk shall serve a copy of this Order on the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated: November 21, 2013

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge