1

2

3

4          UNITED STATES DISTRICT COURT

5      FOR THE NORTHERN DISTRICT OF CALIFORNIA

6              OAKLAND DIVISION

7

8   TENACE D. KNIGHT,                    Case No:  C 10-00276 SBA (pr)

9          Petitioner,                    Ninth Cir. Case No. 11-17350

10      vs.                              **ORDER DENYING PETITIONER'S
                                         MOTION FOR RELIEF UNDER
11   TIM VIRGA, Warden,                  FEDERAL RULE OF CIVIL
    California State Prison, Sacramento,[1]   PROCEDURE 60(b)(6)**

12      Respondent.                      Dkt. 27

13

14

15        This is a habeas action under 28 U.S.C. § 2254 in which Petitioner Tenace Knight

16   seeks to challenge his state court conviction for attempted second degree robbery and

17   numerous other criminal charges.  The Court, upon motion of Respondent, previously

18   dismissed the action on the grounds that the petition was not filed within the one-year

19   limitations period prescribed by the Antiterrorism and Effective Death Penalty Act of 1996

20   ("AEDPA").  This matter is presently before the Court on Petitioner's Motion for Relief

21   from Judgment of Dismissal Pursuant to Fed. R. Civ. P. 60(b)(6).  Dkt. 27.  Having read

22   and considered the papers submitted in the matter, the Court hereby DENIES the motion.

23

24

25

26

27        [1] Tim Virga, the current warden of the prison where Petitioner is incarcerated, has
    been substituted as Respondent, pursuant to Rule 25(d) of the Federal Rules of Civil
28   Procedure.

I.      **BACKGROUND**

A.      **PROCEDURAL HISTORY**

In 2006, a Santa Clara County Superior Court ("Superior Court") jury convicted Petitioner of four counts of second degree robbery; one count of attempted second degree robbery; and one count each of reckless driving while fleeing a peace officer; vehicle theft; assault with a firearm; and possession of a firearm by a felon.  The jury also found true the allegations that defendant had personally used a handgun to commit the robberies and the attempted robbery.  The trial court sentenced defendant to forty-four years and four months in prison.  The Court of Appeal affirmed the judgment and the California Supreme Court later denied Petitioner's request for review on September 17, 2008.

Under the AEDPA, Petitioner had until December 16, 2009, to file his federal habeas petition, but did not do so until January 13, 2010.[2]  In response to the petition, Respondent filed a motion to dismiss on the ground that the petition is time-barred. Petitioner opposed the motion, claiming, among other things, that the filing date of his petition should be October 9, 2009, the date the Superior Court mistakenly received his petition.  Since Petitioner did not file his federal petition until after the December 16, 2009 deadline, the Court granted Respondent's motion and dismissed the petition as untimely. Dkt. 19.  The Court entered judgment on the same day.  Dkt. 20.

B.      **POST-JUDGMENT PROCEEDINGS**

On October 3, 2011, Petitioner filed a pro se Notice of Appeal.  On November 9, 2012, the Ninth Circuit, at Petitioner's request, appointed counsel, inter alia, for the purpose of preparing a more complete record that may support Petitioner's request for a certificate of appealability.  Dkt. 25.

On March 13, 2013, Petitioner's appointed counsel filed the instant motion for reconsideration in this Court, pursuant to Federal Rule of Civil Procedure 60(b)(6).  Dkt.

_____

[2] The petition was received by the Court on January 20, 2010.  Under the mailbox rule, however, the petition is deemed filed as of January 13, 2010, the date he delivered his petition to prison officials for mailing to the Court.  See Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).

27.  In his motion, Petitioner now claims that he is entitled to equitable tolling based on the erroneous advice provided to him by a deputy working in the prison law library.  Knight Decl. ¶ 11, Dkt. 27-1.  The facts pertinent to this newly-asserted claim are set forth in the following subsection.

### 1.     Facts Relating to Equitable Tolling

Petitioner signed his federal habeas petition on September 21, 2009, while incarcerated at Pleasant Valley State Prison.  Id. ¶ 10.  On September 22, 2009, Petitioner gave his petition to prison officials for mailing to the Superior Court.  Id.  According to Petitioner, he mailed his petition to the Superior Court based on the advice of a prison deputy working in the law library (who "might have been Deputy Munoz").  Id. ¶ 10.  The deputy allegedly stated that Petitioner should mail his petition to the court where he was convicted, and that court, in turn, would forward the petition "to the proper court for filing."  Id.

The Superior Court received the petition on or about October 9, 2009.  Id. ¶ 12.  On October 30, 2009, the Superior Court issued an Order stating that to the extent Petitioner intended to file the petition in state court, all of the claims alleged in the petition had been previously rejected.  Superior Court Order, Dkt. 4.  Alternatively, to the extent Petitioner intended to file his petition in federal court, the Order stated that "[Petitioner] must mail it to them not[,] to the State Superior Court."  Id.  Petitioner received the Order along with his federal petition on November 5, 2009.  Knight Decl. ¶ 13.

The Superior Court did not advise Petitioner of the address to which he should send his petition.  Id. ¶ 14.[3]  As such, Petitioner went to the law library on November 18, 2009, in an effort to ascertain the federal court's mailing address.  Id. ¶ 16.  After spending the maximum allotted time of one hour for checking out books, Petitioner was unable to find the address.  Id.  On January 13, 2010, Petitioner returned to the law library but was denied

---

[3] Petitioner acknowledges that the instructions accompanying the federal habeas petition form indicated where to submit the petition, though he admittedly overlooked that information.  Id. ¶ 14.

access.  Id. ¶ 17.  However, on the same day, Petitioner located the appropriate mailing address in his cellmate's copy of a prisoner's handbook.  Id. ¶ 18.  Petitioner mailed his petition to this Court the following day, January 14, 2010.  Id. ¶ 19.

### 2.    The Instant Motion

Because Petitioner filed the instant motion for reconsideration during the pendency of his appeal, the Court initially lacked jurisdiction to consider the motion.  As such, Petitioner requested an indicative ruling from the Court as to whether it would consider the motion on the merits.  Dkt. 27.  The Court granted Petitioner's request, and thereafter the Ninth Circuit re-vested the Court with jurisdiction to consider the motion.  Dkt. 30.  The Court then directed Respondent and Petitioner to file a substantive opposition and reply in support of the motion, respectively.  Dkt. 32.  The matter is now fully briefed and ripe for adjudication.

## II.    LEGAL STANDARD

Under Rule 60(b), a party may seek relief from a judgment and to re-open his case in limited circumstances.  The Rule provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding**.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) *any other reason that justifies relief.*

1  Fed. R. Civ. P. 60(b) (emphasis added).[4]  The decision of whether or not to grant relief

2  under Rule 60(b) is matter of the district court's discretion.  See Fantasyland Video, Inc. v.

3  County of San Diego, 505 F.3d 996, 1001 (9th Cir. 2007).

4         Rule 60(b)(6) allows courts the discretion "to vacate judgments whenever such

5  action is appropriate to accomplish justice."  Phelps v. Alameida, 569 F.3d 1120, 1135 (9th

6  Cir. 2009) (citation omitted).  Rule 60(b)(6) is to be "used sparingly as an equitable remedy

7  to prevent manifest injustice and is to be utilized only where extraordinary circumstances

8  prevented a party from taking timely action to prevent or correct an erroneous judgment."

9  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations omitted).

10 **III.    DISCUSSION**

11       **A.    ERRONEOUS ADVICE**

12        AEDPA gives a state inmate one year from the conclusion of his direct appeal to file

13 a petition for federal habeas corpus.  28 U.S.C. § 2244(d)(1)(A).  The one-year deadline is

14 subject to equitable tolling "where 'extraordinary circumstances' prevented an otherwise

15 diligent petitioner from filing on time."  Forbess v. Franke, -- F.3d --, 2014 WL 1509025, at

16 *2 (9th Cir. Apr. 18, 2014) (citing Holland v. Florida, 560 U.S. 631, 649 (2010)).

17 "Equitable tolling is typically granted when litigants are unable to file timely petitions as a

18 result of external circumstances beyond their direct control."  Harris v. Carter, 515 F.3d

19 1051, 1055 (9th Cir. 2008).  "'[A] petitioner is entitled to equitable tolling only if he shows

20 (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

21 circumstance stood in his way and prevented timely filing.'"  Sossa v. Diaz, 729 F.3d 1225,

22 1229 (9th Cir. 2013) (quoting Ford v. Gonzalez, 683 F.3d 1230, 1237 (9th Cir. 2012)).

23 "This is a very high bar, and is reserved for rare cases."  Yow Ming Yeh v. Martel,

24 -- F.3d --, 2014 WL 1887550, at *1 (9th Cir. May 13, 2014).

25

26

27       [4] "A motion under Rule 60(b) must be made within a reasonable time—and for
   reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the
28 date of the proceeding."  Fed. R. Civ. P. 60(c).

1    Petitioner contends that the December 16, 2009 deadline to file his federal petition

2 should be equitably tolled in light of the erroneous advice allegedly given to him by the

3 prison deputy.  Neither party has cited nor has the Court found any controlling authority

4 holding that misinformation provided by a prison official necessarily constitutes

5 "extraordinary circumstances" for purposes of equitable tolling, particularly where, as here,

6 there is no showing that the misinformation was intentional.  Nonetheless, the Ninth Circuit

7 has, as a general matter, rejected a prisoner's reliance on erroneous third-party advice as a

8 basis for equitable tolling.  See Miranda v. Castro, 292 F.3d 1063, 1067-68 (9th Cir. 2002)

9 (holding that an attorney's negligence in calculating the due date for a federal habeas

10 petition was not an extraordinary circumstance warranting equitable tolling).  Citing Castro,

11 the Ninth Circuit has (albeit in unpublished dispositions[5]), by extension, likewise found that

12 a prisoner's reliance on the advice of prison staff is insufficient to equitably toll the

13 AEPDA limitations period.  See Munoz v. Smith, 2013 WL 1633133, at *1 (9th Cir. Apr.

14 17, 2013) ("Munoz's argument that he received bad advice from an employee at the prison

15 law library is also insufficient to warrant equitable tolling.  Bad advice and miscalculations

16 are insufficient to justify tolling"); Reyes-Carreon v. Williams, 2010 WL 3937947, at *1

17 (9th Cir. Oct. 10, 2010) (same); Alexander v. Schriro, 2009 WL 464233, at *2 (9th Cir.

18 Feb. 25, 2009) (incorrect advice from a state prison paralegal regarding the deadline for

19 filing a federal habeas petition "does not rise to the level of extraordinary

20 circumstances.").[6]

21

22    [5] Under Ninth Circuit Rule 36-3(a), unpublished appellate decisions are not precedential but may be cited as persuasive authority.

23    [6] The out-of-circuit cases cited by Petitioner are distinguishable and otherwise inapt.

24 In Maples v. Stegall, 340 F.3d 433, 439 (6th Cir. 2003), the court applied equitable tolling where the prison officials failed to timely mail the habeas petition on behalf of the petitioner.  In other words, it was the conduct of a third party that caused the untimely

25 filing, which is not the case here.  The other cases cited by Petitioner do not involve equitable tolling per se.  See Fernandez v. Artuz, 402 F.3d 111, 116 (2d Cir. 2005)

26 (addressing the application of the federal mailbox rule to ascertain when a state petition is "properly filed" for purposes of tolling the AEDPA statute of limitations); Ivy v. Casperi,

27 173 F.3d 1136, 1141 (8th Cir. 1999) (holding that the prisoner's claims were not procedurally defaulted where the record showed that prison officials failed to forward his

28 otherwise timely submitted papers to the court).

1       The above notwithstanding, Petitioner cannot show that his purported reliance on the

2   correctional officer's erroneous advice *caused* his untimely filing.  See Spitsyn v. Moore,

3   345 F.3d 796, 799 (9th Cir. 2003) ("The prisoner must show that the 'extraordinary

4   circumstances' were the cause of his untimeliness.").  The record shows that on November

5   5, 2009, Petitioner received his habeas petition along with an Order from the state court

6   advising him that he had filed his petition in the wrong court.  Since his petition was not

7   due until December 16, 2009, Petitioner had over a month to mail the petition for timely

8   filing in federal court.  Yet, Petitioner waited for over two months before mailing his

9   petition on January 14, 2010.  In attempt to justify that delay, Petitioner contends that he

10  did not immediately refile his petition in the correct court because the Superior Court "did

11  not provide the address where to send the petition" and he had limited access to the law

12  library due to scheduling conflicts with his prison job.  Knight Decl. ¶¶ 7, 14, 16, 17.

13      Petitioner's justifications for his delayed filing are unavailing.  Petitioner

14  acknowledges that the instructions accompanying the federal habeas petition form, in fact,

15  specified the address to which the petition should have been filed, but that he mistakenly

16  "overlooked" that information.  Id. ¶ 14.  The fact that Petitioner inadvertently overlooked

17  that critical information, while unfortunate, is legally insufficient to warrant equitable

18  tolling.  See Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) ("[T]he

19  requirement that extraordinary circumstances 'stood in his way' suggests that an external

20  force must cause the untimeliness, rather than, as we have said, merely 'oversight,

21  miscalculation or negligence on [the petitioner's] part, all of which would preclude the

22  application of equitable tolling.'") (quoting Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir.

23  2008)); c.f. Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) ("[T]he miscalculation

24  of the limitations period by . . . counsel and his negligence in general do not constitute

25  extraordinary circumstances sufficient to warrant equitable tolling.").  Thus, whether or not

26

27

28

1   Petitioner was actually misinformed by the correctional officer or had difficulty finding the

2   court's mailing address is ultimately inapposite.[7]

3       **B.      GAP IN FEDERAL LAW AND POLICY**

4       Petitioner next contends that as a matter of "federal policy" his petition should be

5   deemed filed as of September 29, 2009, the date he gave his petition to prison officials for

6   mailing to the state court.  Mot. at 10-12.  In particular, Petitioner asserts that both state and

7   federal law make allowances for papers inadvertently filed in a court without jurisdiction in

8   order to "cure confusion of litigants and the resulting mistake of filing in the wrong court."

9   Mot. at 11-12.[8]  While conceding that there is no analogous federal statute that permits a

10  habeas petition erroneously filed in state court to be transferred to federal court or to be

11  deemed "filed" on the date it was first filed, Petitioner urges the Court to find that such

12  "gap" in the law constitutes an "unusual or extraordinary circumstance for purposes of

13  equitable tolling."  Mot. at 12.

14      Setting aside Petitioner's failure to cite any relevant decisional authority to support

15  his "gap" argument, the Court finds that the argument fails given the record presented.  It is

16  not enough that Petitioner demonstrate that extraordinary circumstances existed; he must

17  show that such circumstances *caused* the untimely filing.  See Spitsyn, 345 F.3d at 799.

18  Here, the lack of any statutory provision to accommodate the filing of a habeas petition in

19  the wrong court system had no bearing on Petitioner's ability to file his petition in a timely

20  manner.  Rather, the cause of Petitioner's untimeliness is his oversight in failing to review

21  the instructions accompanying his habeas form which indicated the correct address to send

22

23      [7] The Court need not reach Respondent's contentions that Petitioner's claim of
    erroneous advice is not credible and that prison rules forbid correctional staff from
24  providing legal advice.  Opp'n at 3-4.  Even if the Court were to accept Petitioner's
    contention that he relied on the erroneous advice of prison staff, equitable tolling is
25  unwarranted under the circumstances presented.

26      [8] Petitioner cites California Code of Civil Procedure Code § 396(b), which provides
    that a state superior court lacking jurisdiction over an appeal or habeas petition must
27  transfer the action to the court appeal or the Supreme Court that "would have jurisdiction,"
    as well as 28 U.S.C. § 1631, which directs a federal district court to transfer an action over
28  which it lacks jurisdiction.

his petition.  Knight Decl. ¶ 14.  Moreover, over a month before his petition was due, Petitioner received sufficient notice from the state court regarding his error.  Therefore, the fact that there is no state or federal provision authorizing a federal habeas petition incorrectly filed in state court to be deemed filed on the date it was initially filed does not legally or factually constitute extraordinary circumstances for purposes of equitable tolling.

### C.   DELAY IN APPOINTING COUNSEL

Lastly, Petitioner contends that the Ninth Circuit's delay in appointing counsel more than a year after he filed his notice of appeal constitutes grounds for tolling the limitations period to file his petition.  He theorizes that had counsel been appointed sooner, he could have filed a motion for reconsideration under Rule 60(b)(1), which allows for relief from a judgment based on "mistake, inadvertence, surprise, or excusable neglect."  Unlike Rule 60(b)(6), a Rule 60(b)(1) motion must be filed within one year of the judgment.  Fed. R. Civ. P. 60(c).  Since counsel was appointed after the one-year deadline had lapsed, Petitioner claims that he was limited to seeking reconsideration under the catch-all provision of Rule 60(b)(6).

Petitioner's argument regarding the delayed appointment of counsel fails for several reasons.  First, there is no right to counsel when filing a habeas petition in a non-capital case.  Miranda, 292 F.3d 1067-68.  As such, Petitioner is hard pressed to complain about the timing of the Ninth Circuit's appointment of appellate counsel when he had no right to such an appointment in the first instance.  Second, any purported delay in appointing appellate counsel for Petitioner obviously has no bearing on whether an external force prevented him from filing his habeas petition in a timely manner.  See Harris, 515 F.3d at 1055.  Finally, Petitioner's motion for reconsideration fails, regardless of whether construed under Rule 60(b)(1) or 60(b)(6).  As discussed above, the central premise of Petitioner's motion—namely, that equitable tolling is warranted based on the erroneous advice provided by prison staff—is fundamentally flawed.  The Court therefore finds that any delay in the appointment of counsel does not merit granting the instant motion for reconsideration or warrant equitable tolling.

IV.   **CONCLUSION**

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1.      Petitioner's Motion for Relief from Judgment of Dismissal is DENIED.

2.      The Clerk shall close the file and serve a copy of this Order on the Ninth

Circuit Court of Appeals.

IT IS SO ORDERED.

Dated:  June 16, 2014

_Saundra B Armstrong_

SAUNDRA BROWN ARMSTRONG
United States District Judge