UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TENACE D. KNIGHT,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>TIM VIRGA, Warden,<br>California State Prison, Sacramento,<br><br>　　　　Respondent. | Case No:  C 10-00276 SBA (pr)<br><br>Ninth Cir. Case No. 11-17350<br><br>**ORDER DENYING PETITIONER'S REQUEST FOR A CERTIFICATE OF APPEALIBILITY**<br><br>Dkt. 38 |

　　　This is a habeas action under 28 U.S.C. § 2254 in which Petitioner Tenace Knight seeks to challenge his state court conviction for attempted second degree robbery and numerous other criminal charges.  Dkt. 19, 20.  The Court dismissed the petition on the ground that it was filed outside the one-year statute of limitations prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Petitioner appealed the dismissal and was appointed counsel by the Ninth Circuit for the purpose of preparing a more complete record that may support Petitioner's request for a certificate of appealability ("COA").  Dkt. 25.

　　　With leave of this Court, Petitioner's counsel filed a Motion for Relief from Judgment of Dismissal Pursuant to Fed. R. Civ. P. 60(b)(6).  Dkt. 27.  Petitioner's principal argument was that AEDPA's limitations period should be tolled on the ground that a prison deputy working in the law library erroneously advised him to mail his federal habeas petition to the state court where he suffered his conviction.  The Ninth Circuit issued a limited remand for the Court to consider Petitioner's motion.  Dkt. 31.  On June 16, 2014, the Court denied Petitioner's motion.  Dkt. 37.  Relying on Miranda v. Castro, 292 F.3d

1063, 1067-68 (9th Cir. 2002), among other cases, the Court found that a prisoner's reliance on erroneous third-party advice does not provide a basis for equitable tolling. Id. at 6. In addition, the Court noted that the state court returned the habeas petition to Petitioner before the expiration of the limitations period, and, notwithstanding the erroneous advice, he could have timely filed his petition. Moreover, Petitioner acknowledged that the proper mailing address for the petition was disclosed in the instructions accompanying the habeas form, but that he had overlooked that information. Id. at 7.

Petitioner's has now filed a Request for a COA to appeal the Court's denial of his Rule 60(b) motion. Dkt. 27. To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In his present motion, Petitioner does not address Castro, but instead asserts that "there is some authority that supports tolling when there is reliance upon advice of prison officials." Mot. at 5. The cases cited by Petitioner are inapposite. For example, in United States v. Buckles, 647 F.3d 883 (9th Cir. 2011), the court held that the petitioner's reliance on erroneous advice given to his sister by a court clerk (i.e., "that the timeline for filing the Writ of Certiorari would be stayed until a ruling was made on the Petition for Appointment of Counsel and a new mandate date would be issued") "may" support a claim for equitable tolling. Id. at 891. In this case, however, the allegedly erroneous was not provided by court staff nor did it pertain to a filing deadline. Rather, the advice here was allegedly provided by a prison staff member regarding where to mail the petition. As discussed in the Court's Order denying Petitioner's Rule 60(b) motion, the Ninth Circuit has

consistently rejected equitable tolling claims in those particular circumstances. Dkt. 37 at 6 (citing cases).[1] Moreover, even if erroneous third party advice presented a colorable ground for equitable tolling, the fact remains that Petitioner failed to file his timely file petition due to his inadvertent failure to exercise reasonable diligence in identifying where to mail his petition. As noted, Petitioner had the mailing address in his possession all along, but overlooked such information.

As for Petitioner's remaining two arguments for relief under Rule 60(b)—i.e., that the date he erroneously filed his petition in state court should be deemed the filing date for petition and that the Ninth Circuit delayed in appointing appellate counsel—Petitioner makes no showing that jurists of reason would review these arguments differently.

I. **CONCLUSION**

The Court finds that no reasonable jurist would find this Court's denial of his Rule 60(b) motion debatable or wrong. Accordingly,

IT IS HEREBY ORDERED THAT Petitioner's request for a COA is DENIED. The Clerk shall serve a copy of this Order on the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated: July 9, 2014

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[1] For the same reasons, Petitioner's reliance on Ford v. Pliler, 590 F.3d 782, 793 (9th Cir. 2009) (dissenting opinion) and Socop-Gonzalez v. I.N.S., 272 F.3d 1176 (9th Cir. 2001) (en banc) is misplaced.