UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TENACE D. KNIGHT,<br>   Petitioner,<br> v.<br>ROBERT H. THIMBLE, Acting Warden,<br>   Respondents. | Case No. 10-cv-00276-SBA (PR)<br>Ninth Cir. Case Nos. 11-17350, 14-16262<br>**SECOND ORDER TO SHOW CAUSE** |

  Petitioner Tenace Knight, a state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction for attempted second degree robbery and numerous other criminal charges. Thereafter, Petitioner filed an amended petition, which is the operative petition. Dkt. 7. The Court, upon motion of Respondent, previously dismissed the action on the grounds that the amended petition was not filed within the one-year limitations period prescribed by the Antiterrorism and Effective Death Penalty Act of 1996. Dkt. 19. On June 16, 2014, the Court denied Petitioner's Motion for Relief from Judgment of Dismissal Pursuant to Fed. R. Civ. P. 60(b)(6). Dkt. 37.

  On November 5, 2015, the Ninth Circuit reversed the district court's dismissal of the amended petition as untimely and the denial of Petitioner's Rule 60(b)(6) motion. Dkt. 46. On November 30, 2015, the Ninth Circuit issued its mandate. Dkt. 48.

  The instant matter has since been remanded to this Court for a determination of the merits of the claims in the amended petition. As the Court has previously determined in its June 22, 2010 Order to Show Cause, it does not appear from the face of the amended petition that it is without merit. Good cause appearing, the Court hereby issues the following orders:

  1. Respondent shall file with this Court and serve upon Petitioner, within **sixty (60) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of

the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the amended petition.

2. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within **sixty (60) days** of his receipt of the Answer. Should Petitioner fail to do so, the amended petition will be deemed submitted and ready for decision **sixty (60) days** after the date Petitioner is served with Respondent's Answer.

3. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Petitioner must also serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel. Pursuant to Northern District Local Rule 3-11 a party proceeding pro se whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. See L.R. 3-11(a). The Court may dismiss a pro se action without prejudice when: (1) mail directed to the pro se party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the pro se party indicating a current address. See L.R. 3-11(b); see also Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

4. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

Dated: 12/2/15

SAUNDRA BROWN ARMSTRONG
Senior United States District Judge

P:\PRO-SE\SBA\HC.10\Knight0276.2ndOSCafterMandate.docx